[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15814
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00040-SPM-GRJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREE PATRICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 28, 2013)

Before HULL, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Coree Patrick appeals his convictions for three counts of being a felon in

possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On

appeal, he argues the district court abused its discretion by admitting evidence at trial regarding his prior armed robbery offense.  We affirm.

I.

Police investigator Burton Miller testified at trial that he began investigating Patrick in 2011.  During the investigation, Neville Thompson, a Confidential Informant ("CI"), contacted Miller about Patrick's offering to sell guns, and Thompson agreed to introduce Patrick to another CI, Matthew Edmundson.  In August 2011, Patrick sold Thompson a .25 caliber pistol, which Thompson gave to Edmundson.  Miller later contacted Thompson to find out how much money they owed Patrick for the .25 caliber firearm, and Thompson told Miller that Patrick also was attempting to sell a .38 caliber firearm.  Miller decided that Edmundson would make a controlled purchase from Patrick to obtain the .38 caliber firearm.

Thompson testified that he had known Patrick for approximately 15 years, and, in 2011, Patrick approached Thompson and asked him if he knew anyone who wanted to buy firearms.  Further, he testified that he received the .25 caliber firearm from Patrick.  Shortly after this sale, Thompson, Edmundson, and Patrick went to a trailer where Patrick obtained another gun, which he sold to Edmundson.

Edmundson testified that Patrick sold him the .38 caliber firearm to him for $100, and, afterwards, Patrick told Edmundson that he could obtain other guns from Gainesville.  In September 2011, Patrick arranged to meet Edmundson to sell

2

more firearms.  When they met, Edmundson followed Patrick to Thompson's house, where Edmundson purchased two more firearms from Patrick: a .45 caliber and a 9 millimeter firearm.  The transactions between Edmundson and Patrick were audio and video recorded; the jury heard portions of the recordings.  The video of the September 2011 transaction showed Patrick giving Edmundson a .45 caliber handgun.  The government also submitted audio recordings of phone calls that Patrick had made from jail, during which he made incriminating statements.

Prior to trial, Patrick had filed a motion *in limine* to exclude evidence of two prior crimes that the government sought to admit under Fed.R.Evid. 404(b). Regarding the charged crimes, he alleged that he was entrapped by three CIs. Patrick represented the government would offer Rule 404(b) evidence consisting of testimony from Shirley Ribbeck, Xavier Macon, Andre Buie, and Kevin Edwards. While their evidence would show he was selling firearms regularly, he contended the proposed Rule 404(b) evidence was inadmissible because: (1) the prior crimes were too remote to be probative of Patrick's predisposition to possess a firearm in 2011; (2) the evidence did not clearly show that Patrick was the shooter; (3) there is no similarity between the prior crimes and the instant charges; (4) the government had no valid purpose for presenting the evidence; (5) the evidence was propensity evidence of bad character, which is inadmissible under Rule 404(b);

3

and (6) the evidence was highly prejudicial and should be excluded under Fed.R.Evid. 403.

The district court denied Patrick's motion to exclude the Rule 404(b) evidence and noted Patrick intended to present an entrapment defense at trial by arguing he had no intent to possess a firearm until he was persuaded to do so by the government CIs. Because Patrick put his character at issue by raising an entrapment defense, the court concluded Patrick could not contest the government's introduction of character evidence, which was probative of Patrick's intent, motive, and predisposition to possess firearms. Despite the temporal remoteness of the prior shootings, nothing indicated Patrick had undergone a transformation to change his state of mind. Therefore, the court determined the probative value of the evidence is not outweighed by unfair prejudice.

Regarding the Rule 404(b) evidence, the court instructed the jury that its consideration was limited to whether Patrick was entrapped. The jury found Patrick guilty on all counts; he received three concurrent 264-month sentences.

## II.

We review a district court's evidentiary rulings for abuse of discretion. *United States v. Bradley*, 644 F.3d 1213, 1270 (11th Cir. 2011), *cert. denied*, 132 S.Ct. 2375 (2012). Federal Rule of Evidence 404(b) allows evidence of other crimes to be admitted for the purpose of showing a defendant's intent. Fed.R.Evid.

404(b).  To be admissible, the Rule 404(b) evidence must: (1) be relevant to an issue other than the defendant's character; (2) be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) be of probative value that is not substantially outweighed by undue prejudice and meet the other requirements under Fed.R.Evid. 403.  *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003).

The district court did not abuse its discretion in admitting evidence of Patrick's prior armed robbery offense under Rule 404(b).  First, the evidence of Patrick's prior armed robbery was relevant to an issue other than his character, because his intent was directly at issue based on his not guilty plea and the defense's theory that government officials induced the firearm possession.  *See Jernigan*, 341 F.3d at 1280; *United States v. Matthews,* 431 F.3d 1296, 1311(11th Cir. 2005).  Contrary to Patrick's argument the 1993 armed robbery was not relevant to his knowing possession of firearms and that it was so lacking in probative value that it invited the jury to convict him based on his character, the prior crime was similar to Patrick's charged offenses because both crimes involved his knowing possession of a firearm.

Second, because Patrick does not challenge on appeal the sufficiency of the evidence supporting his robbery offense, we need not examine the second part of the Rule 404(b) test.  *See Jernigan*, 341 F.3d at 1280.  Third, the probative value of

5

the armed robbery offense was not outweighed by undue prejudice. *Id*. Although the evidence of the prior robbery involved a shooting, it also was probative of Patrick's willingness and intent to possess firearms. *See United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005) ("A similarity between the other act and a charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense."). As in this case, a trial court's limiting instruction can reduce the risk of any unfair prejudice. *United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007).

As to length of time since the prior armed robbery, Patrick merely asserts evidence of the robbery was irrelevant and lacking in probative value without specifically developing an argument regarding its temporal remoteness. He fails to meet his heavy burden of showing that the district court abused its broad discretion in determining that the offense was not too remote to be probative. *See Matthews*, 431 F.3d at 1311. Although Patrick's robbery offense was 18 years before the charged crimes, we have declined to adopt a bright-line rule regarding temporal remoteness. *Id.*

The entrapment defense requires "government inducement of a crime and a lack of predisposition by the defendant to commit the crime." *United States v. Duran*, 596 F.3d 1283, 1298-99 (11th Cir. 2010). After the defendant asserts an entrapment defense, the burden shifts to the government to establish that the

defendant was predisposed to commit the charged offense beyond a reasonable doubt. *Id.* at 1299. "[B]ecause similar acts used to demonstrate predisposition are offered precisely to show propensity, they are more broadly applicable and their use is not subject to the normal constraints of evidence admitted under Rule 404(b)." *Id.* Accordingly, when a "defendant puts his character at issue by raising an entrapment defense, he cannot complain that the [g]overnment introduces evidence as to such character." *Id.*

Even if the challenged evidence did not meet the requirements for admissibility under Rule 404(b), it was admissible propensity evidence to rebut Patrick's entrapment defense. *See Duran*, 596 F.3d at 1299. Because Patrick's prior armed robbery offense was used to show his predisposition to possess firearms, it was not subject to the normal constraints of Rule 404(b). *Id.* Since Patrick put his character at issue by arguing that he was entrapped, he may not challenge the government's use of his prior armed robbery offense as character evidence. *Id.*

**AFFIRMED.**

7

JORDAN, Circuit Judge, concurring in judgment:

In my opinion, the district court erred in admitting evidence of the 1993 laundromat armed robbery/shooting. Indeed, the government does not even try to defend the ruling under Rule 403. *See* Brief for United States at 12–13.

Nevertheless, I agree with the majority that Mr. Patrick is not entitled to a new trial. The admission of the 1993 felony "had no substantial influence on the outcome and sufficient evidence uninfected by [the] error support[ed] the verdict." *United States v. Dickerson*, 248 F.3d 1036, 1048 (11th Cir. 2001).

8