[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14989
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00040-MW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREE PATRICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 31, 2018)

Before BRANCH, FAY and JULIE CARNES, Circuit Judges.

PER CURIAM:

Coree Patrick appeals his 240-month sentence for possession of a firearm by a convicted felon.  Patrick challenges his designation as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), claiming that his prior Florida felony drug conviction does not qualify as a serious drug offense.  We affirm.

## I. BACKGROUND

In 2011, Patrick sold four stolen firearms, along with ammunition, to a confidential source working for the Levy County Sheriff's Office.  Patrick subsequently was indicted with three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  A jury found Patrick guilty on all counts and a probation officer prepared a presentence investigation report ("PSI").

After grouping the three counts together,[1] the PSI applied a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2), gave a two-level increase under U.S.S.G. § 2K2.1(b)(1) because the offense involved four firearms, and gave a two-level enhancement under U.S.S.G. § 2K2.1(b)(4) because the firearms involved in the offense were stolen.  The PSI further reported that Patrick qualified as an armed career criminal under U.S.S.G. § 4B1.4(a) and his base offense level was increased to 33 under U.S.S.G. § 4B1.4(b)(3)(B).

---

[1] U.S.S.G. § 3D1.2(c).

The PSI noted, in relevant part, that Patrick had two prior convictions for a violent felony and one prior conviction for a serious drug offense. Patrick's prior convictions for a violent felony included a 1994 Florida conviction for aggravated battery with a firearm and robbery with a firearm, as well as a 2001 Florida conviction for aggravated battery. Patrick's prior conviction for a serious drug offense was a 2010 Florida conviction for possession of cocaine with intent to sell or deliver, in violation of section 893.13(1) of the Florida Statutes.

Based on a total offense level of 33 and a criminal history category of VI, the resulting guideline range was 235 to 293 months of imprisonment. The statutory range for each count was 15 years of imprisonment with a maximum of life, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e).

At Patrick's first sentencing hearing, the district court did not inform Patrick of his right to allocute before imposing its sentence. The district court sentenced him to 264 months of imprisonment on each count, to run concurrently, followed by 5 years of supervised release on each count, to run concurrently. Patrick's convictions were affirmed on appeal. *United States v. Patrick*, 536 F. App'x 840 (11th Cir. 2013).

Patrick filed a motion to vacate or set aside his sentence under 28 U.S.C. § 2255, arguing that he was denied a constitutional fair trial because he was not afforded his right to allocute. After the government responded and Patrick replied,

3

a magistrate judge issued a report and recommendation recommending that the motion be granted on that basis. The district court adopted the report and recommendation and set the case for resentencing.

At resentencing, Patrick objected to the application of a sentencing enhancement under the ACCA. He argued that his prior drug conviction did not qualify as a serious drug offense under the ACCA because the statute under which he was convicted lacked the essential *mens rea* element. While he acknowledged that his argument was foreclosed by our precedent, he argued that the precedent was wrongly decided because it did not employ the categorical approach. The district court overruled the objection. The court sentenced Patrick to 240 months of imprisonment on each count, to run concurrently, followed by 5 years of supervised release on each count, to run concurrently.

## II. DISCUSSION

On appeal, Patrick argues that his sentence was improperly enhanced under the ACCA because his prior Florida felony drug conviction under section 893.13(1) of the Florida Statutes does not qualify as a serious drug offense. We review de novo whether a prior conviction qualifies as a serious drug offense under the ACCA. *United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009).

The ACCA defines a "serious drug offense" as, *inter alia*, "an offense under State law, involving manufacturing, distributing, or possessing with intent to

4

manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Under Florida law, it is a crime to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a).

In *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014), we held that a prior conviction under section 893.13(1) qualified as a predicate serious drug offense under the ACCA. *Id.* at 1267-68. There, the defendants that had been convicted of violating section 893.13(1) argued that their convictions did not qualify as predicate serious drug offenses under the ACCA because section 893.13(1) did not require a *mens rea* element regarding the illicit nature of the controlled substance and therefore did not meet the generic definition of a serious drug offense. *Id.* at 1266-67. We stated that we did not need to compare section 893.13(1) to the generic definition because the term "serious drug offense" was unambiguously defined by the ACCA, which did not require a *mens rea* element. *Id.* at 1267-68.

Patrick's argument that section 893.13(1) is not a predicate serious drug offense under the ACCA is foreclosed by our holding in *Smith*. *Id.* Although Patrick argues that *Smith* was wrongly decided, that decision remains binding unless and until it is overruled or abrogated by this court sitting en banc or by the

5

Supreme Court.  *See United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012) (recognizing that a prior panel's decision is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc).  Accordingly, the district court did not err in concluding Patrick's Florida conviction for possession of cocaine qualified as a serious drug offense under the ACCA.

**AFFIRMED.**